24

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*ex rel.* VERITY INVESTIGATIONS, LLC,<br><br>       *Plaintiff/Relator*,<br><br>  v.<br><br>HARADA INDUSTRY OF AMERICA, INC.,<br><br>       *Defendant.* | Case No. _____<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT, 31 U.S.C. § 3729 *et seq.***<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br>**DO NOT PLACE IN PRESS BOX**<br><br>**Jury Trial Demanded** |

Case: 2:25-cv-10259
Assigned To : Parker, Linda V.
Referral Judge: Altman, Kimberly G.
Assign. Date : 1/28/2025
Description: CMP VERITY INVESTIGATIONS LLC v HARADA INDUSTRY OF AMERICA, INC. (JP)

## I.   INTRODUCTION

1.   This is a *qui tam* case, filed on behalf of the federal government, seeking to recover over $1.8 million (plus mandatory trebling) that Defendant wrongfully obtained in the form of a federal guaranteed loan by falsely certifying that it was a small business concern. The loan was later forgiven, and the federal government paid the bill.

2.   The loan in question was provided by the Small Business Administration's ("SBA's") Paycheck Protection Program ("PPP"). The PPP was created by Congress near the start of the COVID-19 epidemic in the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in 2020, and then received additional funding ($284 billion) in December 2020 in the "Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act." 15 U.S.C. § 636(a)(37).

3.   In April 2020, the SBA authorized a first series of PPP loans, which are known as "First Draw" PPP loans. This case involves a false application for a First Draw PPP loan.

4.   The PPP loans were made available only to "small" businesses. The SBA established a clear, bright-line rule for who counted as "small."

5.   For First Draw PPP loans, applicants were required to certify that they (both the applicant and its domestic and foreign affiliates) met the size standard—(a) collectively employed 500 or fewer persons, (b) met the SBA employee-based or

revenue-based industry size standards, or (c) met the SBA alternative size standard that (i) the tangible net worth of the business is not more than $15 million and (ii) the average net income for two fiscal years before the date of the application is not more than $5 million.

6. Defendant falsely certified to the SBA that it met the size standard for a small business. As a direct result of those false statements, Defendant obtained a First Draw PPP loan in the amount of $1,843,700, which was later forgiven.

7. Relator is an outside investigative company that detected Defendant's fraud by reviewing the Defendant's affiliate's financial reports. Those reports demonstrate that Defendant and its affiliates had gross receipts greater than $16.5 million, a tangible net worth that far exceeded the $15 million threshold, and employed more than 5,000 employees during the relevant time period.

## II. THE PARTIES

8. Plaintiff Verity Investigations LLC ("Relator") is an investigative firm formed by two professionals with widespread experience in detecting and reporting fraud on the U.S. public fisc.

9. Defendant Harada Industry of America, Inc. is a California corporation with its principal place of business in Novi, Michigan.

3

## III.   JURISDICTION AND VENUE

10.   This action arises under the laws of the United States to redress violations of the Federal False Claims Act, 31 U.S.C. §§ 3729–33 ("FCA").

11.   Subject-matter jurisdiction is conferred by 28 U.S.C. §§ 1331, 1345.

12.   Venue is proper, and this Court has personal jurisdiction over Defendant, because Defendant is "found" in this District. 31 U.S.C. § 3732(a).

## IV.   THE FALSE CLAIMS ACT

13.   The FCA is the primary civil remedial statute designed to deter fraud upon the United States. Its purpose is to "enhance the Government's ability to recover losses sustained as a result of fraud against the Government." S. Rep. No. 99-345, at 1 (July 28, 1986).

14.   A defendant violates the FCA when the defendant "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A).

15.   Under the FCA, a claim includes a request for money. 31 U.S.C. § 3729(b)(2). A claim is "false or fraudulent" under the FCA if the entity or person submitting the claim was not entitled to payment.

16.   In 2009, Congress amended the FCA through the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21 (May 20, 2009), making a defendant liable under the FCA when the defendant "knowingly makes, uses, or

4

causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B).

17. Under the FCA, the terms "knowing" and "knowingly" mean that the defendant "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A).

18. No proof of specific intent to defraud the Government is required to show that a defendant acted knowingly under the FCA. 31 U.S.C. § 3729(b)(1)(B).

19. The terms "knowing," "knowingly," "knowledge," "knows," and "knew," as used in this Complaint, have the meaning ascribed to them by the FCA.

20. The FCA defines the term "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4).

21. The FCA broadly defines a "claim" as "any request or demand . . . for money or property" that: "(i) is presented to an officer, employee, or agent of the United States," or "(ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government (I) provides or has provided any portion of the money or property requested or demanded; or (II)

will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2).

22.    False statements made in a loan application to a third-party lender qualify as "false claims" to the government where, as here, the loan is guaranteed by the federal government and the federal government later repays the lender. *See United States v. Van Oosterhout*, 96 F.3d 1491, 1494 (D.C. Cir. 1996).

## V.    NO "PUBLIC DISCLOSURE" AND RELATOR IS AN ORIGINAL SOURCE

23.    On information and belief, no "public disclosure" has been made of Defendant's false statements and fraud detailed herein. 31 U.S.C. § 3730(e)(4)(A).

24.    On information and belief, Defendant's fraudulent transactions have not been publicly disclosed in a federal criminal, civil, or administrative hearing in which the Government or its agent is a party; in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or by the news media.

25.    Even if there had been a "public disclosure," that would not matter in this case because Relator is an "original source of the information" set forth in this complaint. 31 U.S.C. § 3730(e)(4)(A).

26.    Relator's knowledge is independent of and materially adds to any publicly disclosed aspects of the fraudulent transactions described herein. Among other things, Relator has "connected the dots" between (a) Defendant's affiliate's

6

financial reports, and (b) Defendant's false certifications for the First Draw PPP loan.

28. Prior to filing this action, Relator voluntarily provided the Government with this complaint and all material evidence in Relator's possession relating to the fraudulent transactions.

## VI.   THE FIRST DRAW PPP LOAN PROGRAM

28. To be eligible for a First Draw PPP loan, borrowers were required to meet one of the following criteria: "employs not more than the greater of" (1) "500 employees; or" (2) "if applicable, the size standard in number of employees established by the Administration for the industry in which the business concern, . . . operates," 15 U.S.C. § 636(a)(36)(D); or (3)  meets the "alternative size standard" as of March 27, 2020 with (a) "maximum tangible net worth of the applicant is not more than $15,000,000"; and (b) "the average net income after Federal income taxes (excluding any carry-over losses) of the applicant for the 2 full fiscal years before the date of the application is not more than $5,000,000." 15 U.S.C. § 632(a)(5).

29.     The SBA's website explained "who may qualify" for a First Draw PPP loan. This was explained in an overview page of the website[1] and in the online "Frequently Asked Questions" document available on the website.[2]

30.     The SBA's FAQ stated that "borrowers" were "required to apply SBA's affiliation rules under 13 C.F.R. 121.301(f)." The FAQs clarified that applicants are required to apply the affiliation rules "with regard to counting the employees of foreign and U.S. affiliates."[3]

31.     That regulation—13 C.F.R. § 121.301(f)—stated that when counting "employees," an applicant must include the employees of "all of its domestic and foreign affiliates." 13 C.F.R. § 121.301(f)(6).[4]

32.     That regulation defined affiliation broadly:

a.     Affiliation includes "affiliation based on ownership." "For determining affiliation based on equity ownership, a concern is an affiliate of an individual, concern, or entity that owns or has the power to control more than 50 percent of the concern's voting equity. If no individual, concern, or entity is found to control, SBA

---

[1] SMALL BUSINESS ADMINISTRATION, First Draw PPP loan, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/first-draw-ppp-loan.

[2] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders (Version 10, as of May 13, 2020).

[3] SMALL BUSINESS and ADMINISTRATION, FAQ for PPP Borrowers and Lenders at 2, 15 (Questions 5 and 44) (Version 10, as of May 13, 2020).

[4] 13 C.F.R. § 121.301(f) (effective March 27, 2020 to September 7, 2021).

will deem the Board of Directors or President or Chief Executive Officer (CEO) (or other officers, managing members, or partners who control the management of the concern) to be in control of the concern. SBA will deem a minority shareholder to be in control, if that individual or entity has the ability, under the concern's charter, by-laws, or shareholder's agreement, to prevent a quorum or otherwise block action by the board of directors or shareholders." *See* 13 C.F.R. § 121.301(f)(1).[5]

b.      Affiliation may also arise "under stock options, convertible securities, and agreements to merge." *See* 13 C.F.R. § 121.301(f)(2).[6]

c.      Affiliation may arise "based on management:" "Affiliation arises where the CEO or President of the applicant concern (or other officers, managing members, or partners who control the management of the concern) also controls the management of one or more other concerns. Affiliation also arises where a single individual, concern, or entity that controls the Board of Directors or management of one concern also controls the Board of Directors or management of one or more other concerns. Affiliation also arises where a single individual, concern or entity controls the management of the applicant concern through a management agreement." *See* 13 C.F.R. § 121.301(f)(3).[7]

---

[5] 13 C.F.R. § 121.301(f) (effective March 27, 2020 to September 7, 2021).
[6] 13 C.F.R. § 121.301(f) (effective March 27, 2020 to September 7, 2021).
[7] 13 C.F.R. § 121.301(f) (effective March 27, 2020 to September 7, 2021).

d.　Affiliation may arise "based on identity of interest:" "Affiliation arises when there is an identity of interest between close relatives, as defined in 13 CFR 120.10, with identical or substantially identical business or economic interests (such as where the close relatives operate concerns in the same or similar industry in the same geographic area). Where SBA determines that interests should be aggregated, an individual or firm may rebut that determination with evidence showing that the interests deemed to be one are in fact separate." *See* 13 C.F.R. § 121.301(f)(4).[8]

e.　Affiliation may arise "based on franchise and license agreements:" "The restraints imposed on a franchisee or licensee by its franchise or license agreement generally will not be considered in determining whether the franchisor or licensor is affiliated with an applicant franchisee or licensee provided the applicant franchisee or licensee has the right to profit from its efforts and bears the risk of loss commensurate with ownership. SBA will only consider the franchise or license agreements of the applicant concern." *See* 13 C.F.R. § 121.301(f)(5).[9]

33.　The SBA required borrowers to submit a First Draw borrower application form (SBA Form 2483) to a federally insured bank or similar credit institution, which would process the loan application and fund the loan.

---

[8] 13 C.F.R. § 121.301(f) (effective March 27, 2020 to September 7, 2021).
[9] 13 C.F.R. § 121.301(f) (effective March 27, 2020 to September 7, 2021).

34. The SBA Form 2483 required the borrower to state its "Number of Employees."

35. The SBA Form 2483 then required the applicant's authorized representative to certify eligibility by signing a statement that "[t]he Applicant . . . employs no more than the greater of 500 or [*sic*] employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry."

36. The SBA Form 2483 then required the applicant's authorized representative to certify eligibility by signing a statement that "The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule)."

37. The SBA Form 2483 also required the applicant's authorized representative to initial to "certify that the information provided in this application . . . is true and accurate," and to acknowledge "that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000 . . . ."

38.    The SBA guaranteed 100% of the outstanding balance of Defendant's First Draw PPP loan. The guarantee was backed by the full faith and credit of the United States. 15 U.S.C. § 636(a)(2)(F).

## VII.    DEFENDANT FALSELY CERTIFIED TO THE SBA ITS COMPLIANCE WITH THE FIRST DRAW PPP LOAN SIZE REQUIREMENTS

### A.    BACKGROUND: DEFENDANT HARADA INDUSTRY OF AMERICA, INC. AND ITS AFFILIATES

39.    Defendant Harada Industry of America, Inc. ("Harada America") is a corporation registered in California and headquartered at 22925 Venture Drive, Novi MI 48375.[10]

40.    Harada America can be validly served with process via its registered agent at 330 N Brand Boulevard, Glendale, CA 91203.[11]

41.    Harada Industry Co., Ltd. ("Harada") is Harada America's parent company. Harada is headquartered in Tokyo and Niigata, Japan. It also has offices in Chubu and Hiroshima, Japan.[12]

42.    Harada owns a group of companies that together supply to major vehicle manufacturers. The group's products include antennas, cables, amplifiers,

---

[10] California Secretary of State Business Search, Harada Industry of America, Inc. (787098).
[11] California Secretary of State Business Search, Harada Industry of America, Inc. (787098).
[12] Harada Website, https://www.harada.com/en/aboutus/network/.

and noise filters for car radios. It claims to serve "all major vehicle manufacturers worldwide" as a Tier 1 supplier.[13]

43.    Harada America maintains a facility in Novi, Michigan, outside of Detroit which has operated since 1976. The facility has $28.5 million in capital. Harada America's business activities include research and development and sales.[14]

44.    Harada America is part of a global network of companies located in Japan, China, Vietnam, Philippines, Thailand, Mexico, U.K., Germany, Taiwan, and Singapore.[15]

45.    In addition to Harada America, Harada identifies the following entities as its "group companies":[16]

    a.  Shanghai Harada New Automotive Antenna Co., Ltd.;
    b.  Dalian Harada Industry Co., Ltd.;
    c.  Harada Industries Vietnam Limited;
    d.  Harada Automotive Antenna (Philippines), Inc.;
    e.  Harada Asia-Pacific Ltd.;
    f.  Harada Industries (Mexico), S.A. De C.V.;
    g.  Harada Industries (Europe) Limited;
    h.  Taiwan Harada Investment Co., Ltd.;
    i.  GIS Jevdax Pte Ltd. (Singapore).

---

[13] Harada Website, https://www.harada.com/en/innovation/strength.html; https://www.harada.com/en/innovation/product/.
[14] Harada Website, https://www.harada.com/en/aboutus/network/.
[15] Harada Website, https://www.harada.com/en/aboutus/network/.
[16] Harada Website, https://www.harada.com/en/aboutus/network/.

46.     On information and belief, Defendant Harada America, Harada, and the other entities listed in ¶ 45, *supra*, qualify as "affiliates" for purposes of the PPP Loan program under one or more of the alternative definitions provided in 13 C.F.R. § 121.301(f).

**B.     HARADA AMERICA' FALSE STATEMENT TO OBTAIN A PPP LOAN**

47.     In 2020, Harada America submitted a borrower application for a First Draw PPP loan.

48.     On information and belief, Harada America applied for a First Draw PPP loan after May 5, 2020 when the SBA issued a PPP Loan FAQ clarifying that the SBA's affiliation rules at 13 C.F.R. 121.301(f) apply with regard to counting the employees of foreign and U.S. affiliates.

49.     Harada America submitted its borrower application, SBA Form 2483, to Citizens Bank, N.A. ("Citizens Bank") in Providence, Rhode Island.

50.     In its SBA Form 2483, Harada America listed its address as 22925 Venture Drive, Novi, MI 48178.

51.     In its SBA Form 2483, Harada America certified that it and its affiliates met the small business size standard by (1) having no more than 500 employees, (2) meeting the SBA industry size standards, or (3) meeting the SBA alternative size standard.

52. Harada America is classified under NAICS code 441310, which covers the industry for Automotive Parts and Accessories Stores. The SBA industry size standard for NAICS code 441310 is gross revenue of $16.5 million. *See* 13 C.F.R. § 121.201 (effective Nov. 20, 2019 to May 1, 2022).

53. In its SBA Form 2483, Harada America represented that it and its affiliates had 94 employees—under the 500-employee limit needed to be eligible to apply.

54. Harada America's certification in SBA Form 2483 that it met the size standards for a First Draw PPP loan was false. In 2019 and 2020, Harada America and its affiliates had (1) far more than 500 employees; (2) gross revenue greater than $16.5 million; and (3) a maximum tangible net worth greater than $15 million.

55. Harada America deliberately ignored the fact that, together with its affiliates, it did not meet the SBA size standards for obtaining a First Draw PPP loan. Harada America signed its false SBA Form 2483 with knowledge of, or reckless disregard for, the truth.

56. On or about June 10, 2020, Harada America was approved for a First Draw PPP loan in the amount of $1,843,700 by lender Citizens Bank.

57. The U.S. government paid lender Citizens Bank a lender's processing fee of 3% of the $1,843,700 loan, in the amount of $55,311.[17]

58. On or about July 26, 2021, the U.S. government forgave 100% of Harada America's First Draw PPP loan, plus interest, in the amount of $1,864,005.96.

C. EVIDENCE OF NUMBER OF EMPLOYEES

59. In its SBA Form 2483, a company must include "the employees of its domestic and foreign affiliates" in calculating its number of employees. *See* 13 C.F.R. § 121.106(b)(1).

60. The 2019 annual financial report for Defendant's parent company Harada indicates the companies in Defendant's corporate group collectively had 5,174 employees in 2019.[18]

61. The 2020 annual financial report for Defendant's parent company Harada indicates the companies in Defendant's corporate group collectively had 5,555 employees in 2020.[19]

---

[17] Paycheck Protection Program (PPP) Information Sheet: Lenders, https://home.treasury.gov/system/files/136/PPP%20Lender%20Information%20Fact%20Sheet.pdf.
[18] Harada 2019 Annual Report at 2.
[19] Harada 2020 Annual Report at 2.

62.    If Defendant Harada America had counted its affiliates' employees in its First Draw loan application, it would have reported far more than the 500-employee limit.

63.    On information and belief, Defendant's and its affiliates' payroll records from 2019, 2020, and 2021 will confirm what Defendant always knew—that it and its affiliates collectively employed well over 500 employees throughout the time period 2019–2021.

**D.    EVIDENCE OF NET WORTH GREATER THAN THE ALTERNATIVE SIZE STANDARD**

64.    Defendant was not eligible for a First Draw PPP loan under the SBA's alternative size standard. That standard required Defendant to show that it and its affiliates had ***both*** (i) tangible net worth of not more than $15 million, ***and*** (ii) average net income of less than $5 million for the two fiscal years before the date of Defendant's 2020 application for a First Draw PPP loan.

65.    Defendant and its affiliates had a maximum tangible net worth of more than $15 million in FY2019 and FY2020. The 2020 annual financial report for Defendant's parent company Harada demonstrates a maximum tangible net worth of approximately **$109.9 million** in FY2019 and **$105.9 million** in FY2020. These figures are far above the $15 million dollar threshold.[20]

---

[20] Harada 2020 Annual Report at 45–46.

| Unit: JPY (Thousands) | As of March 31, 2019 | As of March 31, 2020 |
|---|---|---|
| **Total Assets** | **35,236,417** | **34,437,723** |
| Less: Total Liabilities | (21,433,148) | (20,711,409) |
| **Net Worth** | **13,803,269** | **13,726,314** |
| Less: Intangible Assets | (363,498) | (345,305) |
| Less: Retirement Benefit Assets | (9,512) | (15,410) |
| Less: Deferred Tax Assets | (1,615,927) | (1,608,035) |
| **Tangible Net Worth** | **11,814,332** | **11,757,564** |
| | | |
| Exchange Rate (1 JPY = USD) | 0.009301 | 0.009010 |
| **Tangible net worth (USD)** | **$109,885,102** | **$105,935,652** |

66.     Given this tangible net worth, Defendant could not have qualified for a First Draw PPP loan under the SBA's alternative size test.

### E.     EVIDENCE OF GROSS RECEIPTS GREATER THAN THE SBA REVENUE-BASED INDUSTRY SIZE STANDARD

67.     Defendant was not eligible for a First Draw PPP loan under the SBA's revenue-based industry size standard. That standard required Defendant to show that it and its affiliates had gross revenue of not more than $16.5 million.

68.     The 2020 annual financial report for Defendant's parent company Harada indicates the companies in the Defendant's corporate group collectively had gross revenue of JPY 43,135,691 million from April 1, 2018 until March 31, 2019, or $401.2 million based on an exchange rate of 1 JPY per 0.009301 USD.[21]

69.     The 2020 annual financial report for Defendant's parent company Harada indicates the companies in the Defendant's corporate group collectively had

---

[21] Harada 2020 Annual Report at 47.

gross revenue of JPY 41,136,570 million from April 1, 2019 until March 31, 2020, or $370.64 million based on an exchange rate of 1 JPY per 0.00901 USD.[22]

70.     Given these figures are far above the $16.5 million threshold, Defendant could not have qualified for a First Draw PPP loan under the SBA's revenue-based industry size standard.

## FIRST CAUSE OF ACTION

### Submitting False Claims for Payment
### 31 U.S.C. § 3729(a)(1)(A)

71.     Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

72.     Defendant violated 31 U.S.C. § 3729(a)(1)(A) by knowingly presenting and/or causing to be presented to the lender a claim for approval of the First Draw PPP loan.

73.     Defendant's knowingly false claim in its SBA Form 2483 was material to the lender's decision to issue the First Draw PPP loan and was material to the SBA's decision to forgive the loan and repay the lender.

74.     But for Defendant's knowingly false claim, the lender would not have issued the loan and the SBA would not have forgiven it.

---

[22] Harada 2020 Annual Report at 47.

75. The First Draw PPP loan that Defendant obtained was money that was intended by the Government to be spent or used to advance the Government's program and interest in assisting qualified and eligible small businesses to survive the COVID-19 epidemic and to continue to employ their workers.

76. The First Draw PPP loan that Defendant obtained was money that the Government effectively and in practice provided to the lender, by means of the Government's 100% guarantee to the lender of repayment by the Government in the case of default by the borrower.

77. The Government later reimbursed the lender 100% of the amount of Defendant's First Draw PPP loan, with interest.

## SECOND CAUSE OF ACTION

### Creating a False Record or Statement Material to a False Claim
### 31 U.S.C. § 3729(a)(1)(B)

78. Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

79. Defendant violated 31 U.S.C. § 3729(a)(1)(B) by knowingly making or causing to be made a false records and statements—namely, its SBA Forms 2483 and included certifications—to support a false claim submitted to the lender for approval of the First Draw PPP loan.

20

80. Defendant's knowingly false records and statements were material to the lender's decisions to issue the First Draw PPP loan and were material to the SBA's decisions to forgive the loan and repay the lender.

81. But for Defendant's knowingly false records and statements, the lender would not have issued the loan and the SBA would not have forgiven it.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator requests judgment against Defendant for: (i) three times the amount of damages that the United States has sustained (including the full amount of the forgiven First Draw PPP loan and interest thereon, plus all processing fees paid by the Government); (ii) the maximum civil penalties allowed by law; (iii) an award to Relator for the maximum allowed under 31 U.S.C. § 3730(d); (iv) an award of attorneys' fees, costs, and expenses; (v) interest as provided by law; and (vi) any other relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Date: January 22, 2025

Respectfully submitted,

Steven M. Shepard (#5291232)
Stephen Shackelford, Jr. (*to seek pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshackelford@susmangodfrey.com
sshepard@susmangodfrey.com

*Attorneys for Relator Verity Investigations, LLC*

22

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Oakland County

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States ex rel. Verity Investigations LLC

**DEFENDANTS**

Harada Industry of America, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Oakland County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Steven M. Shepard, Susman Godfrey L.L.P., One Manhattan West, 50th Flr., New York, NY 10001, (212) 336-8300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

■ 1  U.S. Government Plaintiff

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ■ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
False Claims Act, 31 U.S.C. §§ 3729–33. FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2).

Brief description of cause:
Defendant knowingly presented and/or caused to be presented a false claim for approval of a loan.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 6,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ■ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
January 22, 2025

SIGNATURE OF ATTORNEY OF RECORD
s Steven M. Shepard

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?      ☐ Yes    ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☐ Yes    ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes : _____